PROVIDED TO MARION C.I. ON 7-12-23 FOR MAILING.

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Middle District of Florida, Orlando Division** | |
|---|---|---|
| Name (under which you were convicted): **Jorge L. Ramos** | Docket or Case No.: **To Be Assigned** | |
| Place of Confinement : **Marion Correctional Institution, Florida** | | Prisoner No.: **X89375** |
| Petitioner: **JORGE L. RAMOS**            v. | Respondent: **RICKY D. DIXON, Secretary, Florida Dept. of Corrections** | |
| The Attorney General of the State of Florida: | **Ashley B. Moody** | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    **Osceola County Courthouse, 9th Judicial Circuit Court**
    **2 Courthouse Square, Kissimmee, FL  34741**

    (b) Criminal docket or case number:      **49-2014-CF-003417**
    **49-2014-CF-003928**
    **49-2015-CF-000830**

2. Date of the conviction:      **May 5, 2015 (49-2014-CF-003417) (Plea Hearing)**
    **May 5, 2015 (49-2014-CF-003928) (Plea Hearing)**
    **July 9, 2015 (49-2015-CF-000830) (Plea Hearing)**

    Date of sentencing:      **May 5, 2015 (49-2014-CF-003417) (Plea Sentencing)**
    **May 5, 2015 (49-2014-CF-003928) (Plea Sentencing)**
    **July 9, 2015 (49-2015-CF-000830) (Plea Sentencing)**

3. Length of sentence:

### Case 49-2014-CF-003417 (filed October 20, 2014) (All Concurrent)

Count 1 – Nolle Prosequi
Count 2 – 20 years in prison followed by 20 years of sex offender probation
Count 3 – 20 years in prison followed by 20 years of sex offender probation
Count 4 – 20 years in prison followed by 20 years of sex offender probation
Count 5 – 20 years in prison followed by 20 years of sex offender probation

1

**Case 49-2014-CF-003928 (filed January 5, 2015)  (Conc with each other and #3417 above)**

Count 1 – 20 years in prison followed by 20 years of sex offender probation
Count 2 – 20 years in prison followed by 20 years of sex offender probation
Count 3 – 20 years in prison followed by 20 years of sex offender probation

**Case 49-2015-CF-000830 (filed May 20, 2015) (Concurrent with all the above sentences)**

Count 1 – 15-years in prison, concurrent with Case #3417 and Case #3928

4. In this case, were you convicted on more than one count or of more than one crime?

✔ Yes          ☐  No

5. Identify all crimes of which you were convicted and sentenced in this case:

**Case 49-2014-CF-003417 (filed October 20, 2014) (R.112-R.115)**

Count 1 – Nolle Prosequi
Count 2 – 2nd Degree Felony Att Lewd/Lasc Moles Vic<12 YOA F.S. §800.04(5)(b); §777.04
Count 3 – 2nd Degree Felony Lewd/Lasc Batt Vic 12<16 YOA F.S. §800.04(4)(a)
Count 4 – 2nd Degree Felony Lewd/Lasc Mol Vic 12<16 YOA F.S §800.04(5)(c)(2)
Count 5 – 2nd Degree Felony Lewd/Lasc Mol Vic 12<16 YOA F.S §800.04(5)(c)(2)

**Case 49-2014-CF-003928 (filed January 5, 2015) (R.117-R.119)**

Count 1 – 2nd Degree Felony Lewd/Lasc Batt Vic 12 < 16 YOA F.S. §800.04(4)(a)
Count 2 – 2nd Degree Felony Lewd/Lasc Batt Vic 12 < 16 YOA F.S. §800.04(4)(a)
Count 3 – 2nd Degree Felony Sex Activity w/Child 16 or 17 YOA F.S §794.05(1)

**Case 49-2015-CF-000830 (filed May 20, 2015) (R.188-R.189)**

Count 1 – 2nd Degree Felony Lewd/Lasc Batt Vic 12 < 16 YOA F.S. §800.04(4)(a)

6. (a) What was your plea as to all charges? (Check one)

(1)    Not guilty ☐          (3)    Nolo contendere (no contest) ☐
(2)    **Guilty** ✔          (4)    Insanity plea                      ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
charge, what did you plead guilty to and what did you plead not guilty to?

**Not applicable.**

(c) If you went to trial, what kind of trial did you have? (Check one)

> **Not applicable.**

7. Did you testify at the plea hearings?

> ✔ **Yes**    ☐ No    **Plea Colloquies Only**

8. Did you appeal from the judgment of conviction?

> ☐ Yes    ✔ **No**

9. If you did appeal, answer the following:

> **Not applicable.**

10. Other than the direct appeals listed above, have you previously filed any other petitions or motions concerning this judgment of conviction in any State court?    **Yes** ✔    No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a)(1) Name of court:    **9th Judicial Circuit Court in and for Osceola County, FL**
    (2) Case Numbers:    **49-2014-CF-003417**
    **49-2014-CF-003928**
    **49-2015-CF-000830**
    (3) Date of filing:    **October 27, 2015 (Amended on January 31, 2020)**
    Nature of the motion: **Rule 3.850 Motion for Postconviction Relief**
    Grounds raised:    **Ineffective Assistance of Counsel = IAC**
    1(a)  **Illegal Plea – Count 5  in Case No. 49-2014-CF-003417 plea  judgment was charged in a fundamentally flawed Charging Information.**
    1(b)  **Illegal Plea – Count 1 in Case No. 49-2015-CF-000830 was charged in a fundamentally flawed Charging Information.**
    2    **IAC for failing to file a pre-trial motion to have the Appellant evaluated for competency to proceed with his cases**
    3(a)  **IAC for failing to file a motion to suppress evidence gathered from a computer that was outside of the four corners of the search warrant.**
    3(b)  **IAC for failing to file a motion to dismiss based on intentional misstatement of facts contained in the Probable Cause Affidavit of the arrest warrant.**
    3(c)   **IAC for failing to discover multiple scoresheet errors that resulted in the seven individual plea sentences of 40 years being illegal.**
    3(d)  **IAC for failing to produce exculpatory DNA evidence from the Defendant's bed sheets for use at the May 5, 2015 Plea Hearing.**
    3(e)  **IAC for failing to file a pre-plea Motion to Dismiss Count 2 in Case No. 49-2014-CF-003928 due to the insufficiency of the evidence.**

3(f)   **IAC for failing to review the individual rights and paragraphs contained in the Plea Agreement with the mentally incompetent Defendant.**

3(g)   **IAC for failing to file a motion to suppress from evidence his statements made during a police interview.**

3(h)   **IAC for failing to suppress or exclude from trial the Child Hearsay Statements made to police and not a licensed CPT Interviewer.**

4      **IAC for signing Plea Form stating that counsel was unaware of any DNA evidence that may exonerate the Defendant.**

5      **IAC for failing to have the Defendant initial Paragraphs (3) through (26) of the Plea Agreement acknowledging that Ramos knew the nature and rights he was giving up under the agreement.**

6      **The cumulative effect of Defense Counsel's errors violated the Defendant's 14th Amendment right to due process, and his 6th Amendment right to a fair plea and to the effective assistance of counsel under the U.S. Constitution.**

(4) Did you receive a hearing where evidence was given on your petition, application, or motion?                    ✓ Yes        ☐ No

(5) Result:                                **Denied (Final Order after evidentiary hearing).**

(6) Dates of results:

**October 8, 2020**          **Summary Denial Order.**

**February 28, 2022**        **Final Order denying Grounds 2, 3(d), 3(f), 4, and 5 after an evidentiary hearing.**

**December 27, 2022**        **Per Curiam Affirmed (Mandate Date 02/23/23)**
                             ***Ramos-Nieves v. State*, 2022 Fla. App. LEXIS 9066 (Fla. 5th DCA 2022)**

(b) If you filed any second petition, application, or motion, give the same information:

   **Not applicable.**

(c) If you filed any third petition or motion, give the same information:

   **Not applicable.**

(d) Did you appeal to the highest State court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First Petition:    Yes ✓        No   ☐
   (2) Second Petition:   **Not applicable.**
   (3) Third Petition:    **Not applicable.**

(e) If you did not appeal to the highest State court, explain why not:        **Not applicable.**

# STATEMENT OF THE CASE AND FACTS

In these cases, the State filed the following Charging Information documents:

## Case 49-2014-CF-003417 (filed October 20, 2014) (see Exhibit A, R.112-R.115)

Count 1 – Capital Sexual Battery Vic<12 YOA F.S. §794.011(2)
Count 2 – Life Fel Lewd/Lasc Moles Vic<12 YOA F.S. §800.04(5)(b)
Count 3 – 2°-Fel Lewd/Lasc Batt Vic 12<16 YOA F.S. §800.04(4)(a)
Count 4 – 2°-Fel Lewd/Lasc Mol Vic 12<16 YOA F.S §800.04(5)(c)(2)
Count 5 – 2°-Fel Lewd/Lasc Mol Vic 12<16 YOA F.S §800.04(5)(c)(2)

Counts 1, 2, and 5 involve charges of inappropriate sexual activity with J.H.; and Counts 3 and 4 involve charges of inappropriate sexual activity with D.M. All five counts are alleged to have occurred between August 1, 2013 and September 9, 2014.

## Case 49-2014-CF-003928 (filed January 5, 2015) (see Exhibit B, R.117-R.119)

Count 1 – 2°-Fel Lewd/Lasc Batt Vic 12 < 16 YOA F.S. §800.04(4)(a)
Count 2 – 2°-Fel Lewd/Lasc Batt Vic 12 < 16 YOA F.S. §800.04(4)(a)
Count 3 – 2°-Fel Sex Act w/Child 16 or 17 YOA F.S §794.05(1)

All three counts involve charges of inappropriate sexual activity with B.A.C.; Counts 1 and 2 are alleged to have occurred between May 13, 2011 and May 11, 2012. Count 3 is alleged to have occurred between May 13, 2012 and May 11, 2014.

On May 4, 2015, upon advice of Defense Counsel Assistant Public Defender ("APD") Michael Morrison, the Petitioner entered into a Plea Agreement involving the resolution of both above-listed cases (**Exhibit C, Plea Agreement, R.124-R.127**). Counsel informed Ramos that as part of the plea, the State was dropping the Capital Sexual Battery charge (Count 1) in Case No. 49-2014-CF-003417 (**R.124-R.127**). Additionally, the State was reducing Count 2 in that case to second-degree felony Attempted Lewd or Lascivious Molestation (**R.124-R.127**).

Counsel advised that the plea agreement called for a split sentence of 20 years in prison followed by 20 years of sex offender probation (**R.124-R.127**). Counsel urged Ramos to accept the plea deal despite the Petitioner's allegations of: (1) numerous errors in the Charging Information(s); (2) material errors in the Criminal Punishment Code ("CPC") Scoresheet calculations used to formulate the plea offer; and (3) an obvious lack of any pre-plea investigations or filings by Counsel in an effort to lower the Petitioner's trial exposure and to develop available defense theories (**Amended 3.850 Motion, R.80-R.197**).

On May 4th and 5th, 2015, the Petitioner's Plea and Sentencing Hearings were conducted in front of Hon. Jon B. Morgan. Assistant State Attorney ("ASA") Danielle Grobmyer represented the State, and APD Michael Morrison represented the Petitioner. After the plea colloquy, the trial court accepted the plea and sentenced the Petitioner to seven individual sentences of 20 years in prison followed by 20 years of sex offender probation (see **Exhibit D, Judgment, R.129-R.133; R.140-R.143**).

On May 20, 2015, the State filed an Information in Case No. 49-2015-CF-000830 (**Exhibit E, Information, R.189**). The State charged Ramos with the sole count of second-degree felony Lewd or Lascivious Battery (victim between 12 and 16 YOA under F.S. §800.04(4)(a)) (**Exh. E, R.189**). The State alleged that the sexual activity involved Ramos's 13 year-old nephew, J.T., during a week of family vacation in a rented home in Kissimmee or Davenport (**R.201**). The family returned to New York, and J.T. came forward with his claim after seeing a press release about the Petitioner's arrest (**R.201**).

On June 15, 2015, upon the advice of APD Michael Morrison, Ramos entered into a Plea Agreement to resolve this case (**Exhibit F, Plea Form, R.267-R.270**). In exchange for a plea of nolo contendere, the agreement called for the statutory maximum 15-year prison sentence to run

concurrent with Ramos' prior plea sentences (**Exh. F, R.267-R.270**).

On July 9, 2015, a plea hearing and sentence was conducted in front of Hon. Jon B. Morgan (**R.253**). ASA Danielle Grobmyer represented the State, and APD Michael Morrison represented the Petitioner (**R.253**). Judge Morgan accepted the plea and issued the 15-year prison sentence to run concurrent with the prior plea sentences (**Exhibit G, Judgment, R.253-R.256**). No direct appeal was taken in regards to either of the two plea judgments in these three cases.

On October 27, 2015, the Petitioner filed his timely "Motion to Vacate" under Fla.Crim.P. Rule 3.850 (**R.11-R.25**).[1] The motion contained eight grounds involving claims that the pleas were entered into involuntarily and that Defense Counsel provided constitutionally ineffective assistance that resulted in unknowing and ill-advised plea agreements in all three cases (**R.11-R.25**).

On January 10, 2019, upon learning that the Clerk of Court in Osceola County had not received or filed his 3.850 motion, the Petitioner re-submitted the document with the clerk (**R.7-R.25**).

On December 4, 2019, postconviction and plea Judge Hon. Jon B. Morgan issued his order striking the motion holding that Grounds 1 through 4 were insufficiently pled, and the motion lacked the required oath (**Order, R.77-R.79**). Judge Morgan gave Ramos sixty days to file an amended and sufficiently pled motion (**R.79**).

On January 31, 2020, Ramos filed his instant Amended Rule 3.850 motion by handing it to a prison official at Martin Correctional Institution for mailing (**R.80-R.197**). The Amended 3.850 Motion included thirteen grounds claiming the plea was involuntary and that Defense Counsel Morrison provided ineffective assistance during the pre-plea and plea periods (**R.80-**

---

[1] The State had challenged the authenticity of the Charlotte Correctional Institution October 27, 2015 date stamp on Page 1 of the motion (**R.11**). However, at the December 9, 2021 evidentiary hearing, Hon. Tom Young held that the motion was timely filed on that date (**R.499**).

R.197). The grounds were identified as 1(a), 1(b), 2, 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), 3(g), 3(h), 4, and 5 (**R.80-R.197**).

On February 26, 2020, postconviction Judge Hon. B. Morgan issued an order directing the State to respond to the 3.850 motion (**R.198-R.199**).

On April 27, 2020, ASA Linda Drane-Burdick filed the State's Response to Defendant's Amended Motion for Postconviction Relief (**R.200-R.231**).

On October 8, 2020, postconviction Judge Hon. Jon B. Morgan issued his order summarily denying Grounds 1(a), 1(b), 3(a), 3(b), and 3(h) (**R.231-R.286**). The same order dismissed Grounds 3(c), 3(e), and 3(g) (**R.231-R.286**). The court held that Grounds 3(c) and 3(e) were improper new claims added after the 2-year filing deadline (**R.231-R.243**). The court held that Ground 3(g) was insufficiently pled for failure to show any prejudice from the alleged error (**R.231-R.243**). The same order awarded Ramos an evidentiary hearing on Grounds 2, 3(d), 3(f), 4 and 5 (**R.242**). The judge correspondingly held that: Ground 3(f) was the same as Ground 2; Ground 4 was the same as Ground 3(d); and that Ground 5 was the same as Ground 2 (**R.242**). Accordingly, the identical claims were combined and addressed as two separate grounds at the evidentiary hearing (**R.242**).

On December 9, 2021, postconviction Judge Hon. Tom Young held the evidentiary hearing (**R.424-R.563**). ASA Linda Drane-Burdick represented the State, and Regional Conflict Counsel Matthew Brock Shields represented the Petitioner (**R.424**).

On February 28, 2022, postconviction Judge Young entered his Final Order denying Grounds 2, 3(d), 3(f), 4 and 5 (**R.330-R.335**). On March 21, 2022, Ramos filed his timely notice of appeal and directions to the clerk (**R.336-R.338**).

On December 27, 2022, the Fifth District Court of Appeal ("DCA") per curiam affirmed the postconviction court's denial of the Motion for Postconviction Relief (see *Ramos-Nieves v. State*, 2022 Fla. App. LEXIS 9066 (Fla. 5th DCA 2022)). On February 23, 2023, the mandate issued making the judgment final. No other postconviction motions were filed in any State court. Ramos's timely Petition follows.

12.    For this Petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. State the facts supporting each ground.

> **Ground One: Ineffective Assistance of Counsel . Filed pursuant to the exhaustion exception in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)).**
>
> **Defense Counsel was ineffective for failing to file a pre-plea motion to dismiss Count 5 in Case No. 49-2014-CF-003417 due to the insufficiency of evidence to support the charged offense.**
>
> **This error violated the Petitioner's 14th Amendment right to due process, and his 6th Amendment right to the effective assistance of counsel under the U.S. Constitution.**

(a) **Supporting facts** (Do not argue or cite law. Just state the facts that support your claim):

On October 20, 2014, in Case No. 49-2014-CF-003417, the State filed the following three counts against the Petitioner involving the same alleged victim, "J.H." (see **Exhibit A**) as follows:

**Case 49-2014-CF-003417 (R.112-R.115)**

Count 1 – Capital Sexual Battery Vic < 12 YOA F.S. §794.011(2)
Count 2 – Life Felony Lewd/Lascivious Molestation Vic < 12 YOA F.S. §800.04(5)(b)
Count 5 – 2°-Felony Lewd/Lascivious Molestation Vic 12 < 16 YOA F.S §800.04(5)(c)(2)

The three counts involve different alleged sexual acts between August 1, 2013 and September 9, 2014. Count 1 involves an allegation that the Petitioner's mouth had union with

J.H.'s penis (**Exhibit A, R.112**). Count 2 involves an allegation that the Petitioner touched J.H.'s sexual organ or the clothes covering it (**Exhibit A, R.113**). Count 5 involves an allegation that the Petitioner intentionally forced or enticed J.H. to touch Ramos's penis (**Exhibit A, R.115**). It is evident on the face of the Information that during the same date range, J.H. could not be both less than 12 years of age (Counts 1 and 2), and be between the ages of 12 years old and 16 years old (Count 5).

On the Osceola County Child Protection Team Forensic Interview Report involving J.H., the alleged victim's date of birth is listed as "09/17/2004" (**Exhibit H, R.121-R.122**). Therefore, during the alleged offense dates of August 1, 2013 and September 9, 2014, J.H. was between the age of 8 and 9 years old. Additionally, on the date of the interview (September 10, 2014), CPT Interviewer referred to J.H. as "now ten years old" (**Exh. H, R.122**). Furthermore, the Report indicated that "(J.H.) denied that Mr. Ramos ever made (J.H.) touch any part of Mr. Ramos's body" (**Exh. H, R.121**).

No Defense Counsel acting within the accepted range of effective assistance within the legal profession would have failed to file a motion to dismiss Count 5 in this case prior to any plea deal or trial. It is evident on the face of the record that the Petitioner never intentionally forced or enticed J.H. to touch Ramos's penis when the 10 year-old alleged victim was between the ages of twelve and sixteen – or at any time (**Exhibit H, R.121-R.122**). Counsel's error allowed the State to charge the Petitioner with a non-existent crime that had no evidence to support the charge, and in fact, 100% refuted the allegation. But for Counsel's error, his pre-plea scoresheet would have been reduced by 68 points (over 5 years) – 40 points assessed for "Contact" and 28 Additional Offense Level Points). Ramos asserts that there is a reasonable probability that, but for counsel's unprofessional errors, the result of his proceedings would have

been different. With a lower scoresheet total, and with fewer charges to fight, the Petitioner would not have accepted the State's 40–year plea offer of 20 years in prison followed by 20 years of sex offender probation (i.e. a different plea outcome). Alternatively, it is probable the State would have lowered their offered plea sentence had they known the Total Sentence Points on their calculated scoresheet was in error.

(b) If you did not exhaust your State remedies on Ground One, explain why: **Due to the complete lack of counsel in preparing the Petitioner's Rule 3.850 motion, this claim was never raised in the State courts. However, the procedural default is excused under the U.S. Supreme Court holding in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).**

(c) **Direct Appeal of Ground One:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐         No ✓
    (2) If you did not raise this issue in your direct appeal, explain why:
        **This ground involves a claim of ineffective assistance of trial counsel that cannot be raised on direct appeal.**

(d) **Post-Conviction Proceedings:**
    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a State trial court?
        Yes ☐         No ✓
    (2) If your answer to Question (d)(1) is "Yes," state:
        **Not applicable.**
    (3) Did you receive a hearing on your motion or petition?
        **Not applicable.**
    (4) Did you appeal from the denial of your motion or petition?
        **Not applicable.**
    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
        **Not applicable.**
    (6) If your answer to Question (d)(4) is "Yes," state:
        **Not applicable.**
    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  **See answer to Question (b) above.**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, etc.) that you have used to exhaust your State remedies on Ground One:    **None.**

**Ground Two: Ineffective Assistance of Counsel . Filed pursuant to the exhaustion exception in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)).**

**Defense Counsel was ineffective for failing to file a pre-plea motion to dismiss Count 2 in Case No. 49-2014-CF-003928 due to the insufficiency of evidence to support the charged offense.**

**This error violated the Petitioner's 14th Amendment right to due process, and his 6th Amendment right to the effective assistance of counsel under the U.S. Constitution.**

(a) **Supporting facts** (Do not argue or cite law. Just state the facts that support your claim):

This ground was raised as Ground 3(e) of the Appellant's January 31, 2020 "Amended Motion for Postconviction Relief" (**R.102-R.103**). In his October 8, 2020 summary denial order, postconviction Judge Jon B. Morgan dismissed this claim as "new," and for being filed beyond the two-year time limitation contained within Fla.R.Crim.P. Rule 3.850 (**R.239**). However, the procedural default is excused under the U.S. Supreme Court holding in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and is ripe for this Court's consideration in this Petition.

The Information in Count 2 in Case No. 49-2014-CF-000398 alleges that between the date of May 13, 2011 and May 11, 2012, the Appellant "did with his mouth penetrate or have union with the sexual organ of B.A.C." when she was older than 12 years of age but less than 16 years old (see **Exhibit B, R.118**).

However, during her interview with Kissimmee Police Department Detective P. Gavlick, the following exchange occurred between alleged victim B.A.C. and police (see **Exhibit I, R.61**): [2]

---

[2] The interview transcript contains a scrivener's error referring to the Petitioner as "George," but Ramos's first name is "Jorge."

BAC: "We had gotten physical."

DETECTIVE: "When you say physical, had sex or what?"

B.A.C.: "Sex, kissing …"

DETECTIVE: "Anything else?"

B.A.C.: "We cuddled."

DETECTIVE: "Okay. Oral, anal, anything …"

B.A.C.: "No, it was like we never did oral or anything like that. He was either on top of me or I was on top of him."

**(Exhibit I, R.153; Page 20 of 44, L 489-496)**

The alleged victim affirmatively stated that the Petitioner never performed oral sex upon her, yet Defense Counsel advised Ramos to sign a plea agreement that included this alleged offense (**Exhibit C, R.124**).

No Defense Counsel acting within the accepted range of effective assistance within the legal profession would have failed to file a motion to dismiss Count 2 in this case prior to any plea deal or trial. It is evident on the face of the record that the Petitioner never engaged in oral sex with B.A.C. at any time, as stated by her during the police interview with Kissimmee P.D. Detective Gavlick (**Exhibit I, R.61**). Counsel's error allowed the State to charge the Petitioner with a non-existent crime that had no evidence to support the charge, and in fact, 100% refuted the allegation. But for Counsel's error, his pre-plea scoresheet would have been reduced by 117 points (almost 10 years) – 80 points assessed for "Penetration" and 37 Additional Offense Level Points). Ramos asserts that there is a reasonable probability that, but for counsel's unprofessional errors, the result of his proceedings would have been different. With a lower scoresheet total, and with fewer charges to fight, the Petitioner would not have accepted the State's 40–year plea offer

of 20 years in prison followed by 20 years of sex offender probation (i.e. a different plea outcome). Alternatively, it is probable the State would have lowered their offered plea sentence had they known the Total Sentence Points on their calculated scoresheet was in error.

(b) If you did not exhaust your State remedies on Ground Two, explain why:  **Due to the complete lack of counsel in preparing the Petitioner's Rule 3.850 motion, this claim was never raised in the State courts.  However, the procedural default is excused under the U.S. Supreme Court holding in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).**

(c) **Direct Appeal of Ground Two:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐     No ✓
    (2) If you did not raise this issue in your direct appeal, explain why:
        **This ground involves a claim of ineffective assistance of trial counsel that cannot be raised on direct appeal.**

(d) **Post-Conviction Proceedings:**
    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a State trial court?
        Yes ☐      No ✓
    (2) If your answer to Question (d)(1) is "Yes," state:
        **Not applicable.**
    (3) Did you receive a hearing on your motion or petition?
        **Not applicable.**
    (4) Did you appeal from the denial of your motion or petition?
        **Not applicable.**
    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
        **Not applicable.**
    (6) If your answer to Question (d)(4) is "Yes," state:
        **Not applicable.**
    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  **See answer to Question (b) above.**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, etc.) that you have used to exhaust your State remedies on Ground Two:     **None.**

**Ground Three: Ineffective Assistance of Counsel . Filed pursuant to the exhaustion exception in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)).**

**Defense Counsel was ineffective for failing to correct the numerous errors contained within the State's scoresheet calculation used to induce the Petitioner into accepting the Plea Agreement.**

**This error violated the Petitioner's 14th Amendment right to due process, and his 6th Amendment right to the effective assistance of counsel under the U.S. Constitution.**

(a) **Supporting facts** (Do not argue or cite law. Just state the facts that support your claim):

This ground was raised as Ground 3(c) of the Appellant's January 31, 2020 "Amended Motion for Postconviction Relief" (**R.85-R.95**). In his October 8, 2020 summary denial order, postconviction Judge Jon B. Morgan dismissed this claim as "new," and for being filed beyond the two-year time limitation contained within Fla.R.Crim.P. Rule 3.850 (**R.238**). Additionally, there are more scoresheet errors cited in this claim than were cited in the January 31, 2020 amended 3.850 motion, making this claim unexhausted in the State courts. However, the procedural default is excused under the U.S. Supreme Court holding in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and is ripe for this Court's consideration in this Petition.

For this Court's convenience, the Petitioner is going to present a summary of the calculations from the CPC scoresheet actually prepared by the State and used by Judge Hon. Jon B. Morgan at the Plea Sentencing. It was this scoresheet that Defense Counsel represented as true and correct when advising Ramos to accept the plea sentence of 20 years in prison to be followed by 20 years of sex offender probation. The actual CPC Scoresheet looked like this (**R.261-R.263**):

## Primary Offense

**Primary Offense**

| Case No. | Offense | Level | Points |
|---|---|---|---|
| 2014-CF-003928 | Ct 1 – Lewd or Lascivious Battery (12<16) | 8 | 74.0 |

**Additional Offenses**

| Case No. | Offense | Level | Points |
|---|---|---|---|
| 2014-CF-003417 | Ct 2 – Att. Lewd or Lascivious Molest (<12) | 8 | 37.0 |
| 2014-CF-003417 | Ct 3 – Lewd or Lascivious Battery (12<16) | 8 | 37.0 |
| 2014-CF-003417 | Ct 4 – Lewd or Lascivious Molestation (12<16) | 7 | 28.0 |
| 2014-CF-003417 | Ct 5 – Lewd or Lascivious Molestation (12<16) | 7 | 28.0 |
| 2014-CF-003928 | Ct 2 – Lewd or Lascivious Battery (12<16) | 8 | 37.0 |
| 2014-CF-003928 | Ct 3 – Sexual Activity with Child (16<18) | 6 | 18.0 |

**Victim Injury**

| | | | |
|---|---|---|---|
| Sex Penetration | #3417 (Ct 3); #3928 (Cts 1, 2, and 3) | 80 x 4 | 320.0 |
| Sex Contact | #3417 (Cts 2, 4, and 5) | 40 x 3 | 120.0 |

| | |
|---|---|
| **Prior Record** | 1.6 |
| **Total Sentence Points** | 700.6 |
| Minus 28 | (28.0) |
| **Subtotal Points** | 672.6 |
| Times 75% | x  0.75 |
| **Lowest Permissible Prison Sentence in Months** | 504.45 |

When discussing the scoresheet with the Petitioner, Defense Counsel assured Ramos that the scoresheet was fair and accurate. Defense Counsel explained that since the Petitioner's Total Sentencing Points was greater than 363 Points, he was facing a lowest permissible sentence of "Life," even with Count 1 in Case No. 2014-CF-003417 dismissed and Count 2 in Case No. 2014-CF-003417 lowered to an "Attempted Lewd or Lascivious Molestation charge. However, Ramos argues that his "corrected" CPC scoresheet should have looked like this:

**Primary Offense**

| Case No. | Offense | Level | Points |
|---|---|---|---|
| 2014-CF-003928 | Ct 1 – Lewd or Lascivious Battery (12<16) | 8 | 74.0 |

**Additional Offenses**

| Case No. | Offense | Level | Points |
|---|---|---|---|
| 2014-CF-003417 | Ct 2 – Att. Lewd or Lascivious Molest (<12) | 8 | 37.0 |
| 2014-CF-003417 | Ct 3 – Lewd or Lascivious Battery (12<16) | 8 | 37.0 |
| 2014-CF-003417 | Ct 4 – Lewd or Lascivious Molestation (12<16) | 7 | 28.0 |
| 2014-CF-003417 | Ct 5 – L or L Molest (12<16) - **Dismissed** | - | 0.0 |
| 2014-CF-003928 | Ct 2 – L or L Battery (12<16)- **Dismissed** | - | 0.0 |
| 2014-CF-003928 | Ct 3 – Sexual Activity with Child (16<18) | 6 | 18.0 |

**Victim Injury**

| | | | |
|---|---|---|---|
| Sex Penetration | (None) | 0 x 4 | 0.0 |
| Sex Contact | #3417 (Cts 3 and 4); #3928 (Cts 1, 2, and 3) | 40 x 5 | 200.0 |
| No Points | #3417 (Cts 2, 3); | | |

| | |
|---|---|
| **Prior Record** | 1.6 |
| **Total Sentence Points** | 395.6 |
| Minus 28 | (28.0) |
| **Subtotal Points** | 367.6 |
| Times 75% | x  0.75 |
| **Lowest Permissible Prison Sentence in Months (23 years in prison)** | 275.70 |

Ramos argues that the following errors occurred that should have resulted in Defense Counsel handing Ramos the above "corrected" scoresheet, and advising Ramos to reject the State offer of 40 years (20 years in prison followed by 20 years of sex offender probation):

**1. Both Count 5 in Case No. 2014-CF-003417 and Count 2 in Case No. 2014-CF-003928 should have been dismissed due to insufficient evidence.**

See Ground 1 and Ground 2 of this Petition.

2. **The 40 Victim Sex Contact points for "Attempted" Lewd or Lascivious Molestation in Count 2 of Case No. 2014-CF-003417 is reduced to zero because the charge involves an attempt and not a completed act.**

See *Grant v. State*, 783 So.2d 1120, 1121 (Fla. 1st DCA 2001) (The conviction for Attempted Lewd and Lascivious acts requires a conclusion that no sexual contact occurred because it is a lesser-included of Lewd and Lascivious acts that requires a finding of completed contact).

3. **The 320 Sexual Penetration points in all three offenses in Case No. 2014-CF-003928, and Count 3 in Case No. 2014-CF-003417 needs reduced to 160 Sexual Contact points because the Charging Information alleges the alternative elements of "penetration or union."**

See *Chatman v. State*, 943 So.2d 327, 328 (Fla. 4th DCA 2001) (Where the Information charges either penetration or union, the assessment of penetration points is error without a specific finding that penetration occurred). See Ramos's own 5th DCA holding in *Mann v. State*, 974 So.2d 552, 553 (Fla. 5th DCA 2008) that in regards to a plea involving lewd and lascivious battery, "when the information charges penetration or union, the assessment of victim penetration points is error absent a specific finding that penetration occurred. Although *Chatman* arose in a jury trial context, the same principle applies in a plea case." See also *Harden v. State*, 331 So.3d 807 (Fla. 2nd DCA 2021).

No Defense Counsel acting within the accepted range of effective assistance within the legal profession would have failed to correct the above material and numerous scoresheet errors used at Ramos's Plea Hearing and Sentence. Had Ramos known that he was subject to a lowest possible prison sentence of only 23 years in prison on the amended information, he never would have agreed to the State's 40–year plea offer of 20 years in prison followed by 20 years of sex

offender probation (i.e. a different plea outcome). Alternatively, it is probable the State would have lowered their offered plea sentence had they known the Total Sentence Points on their calculated scoresheet was in error by 305 points (25 years). It should be noted that all of the counts contained within the amended Plea Charging Information were lowered to 2nd-degree felonies carrying a statutory maximum of just 15 years. Additionally, there should only have been five remaining charged counts in the amended Plea Charging Information instead of seven.

(b) If you did not exhaust your State remedies on Ground Three, explain why:  **Due to the complete lack of counsel in preparing the Petitioner's Rule 3.850 motion, this claim was never raised in the State courts.  However, the procedural default is excused under the U.S. Supreme Court holding in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).**

(c) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐      No ✓
    (2) If you did not raise this issue in your direct appeal, explain why:
        **This ground involves a claim of ineffective assistance of trial counsel that cannot be raised on direct appeal.**

(d) **Post-Conviction Proceedings:**
    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a State trial court?
        Yes ☐      No ✓
    (2) If your answer to Question (d)(1) is "Yes," state:
        **Not applicable.**
    (3) Did you receive a hearing on your motion or petition?
        **Not applicable.**
    (4) Did you appeal from the denial of your motion or petition?
        **Not applicable.**
    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
        **Not applicable.**
    (6) If your answer to Question (d)(4) is "Yes," state:
        **Not applicable.**
    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  **See answer to Question (b) above.**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, etc.) that you have used to exhaust your State remedies on Ground Three:  **None.**

**Ground Four: Ineffective Assistance of Counsel . Filed pursuant to the exhaustion exception in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)).**

**Defense Counsel was ineffective for failing to investigate the case facts and file a pre-plea motion to dismiss the sole charged offense in Case No. 49-2015-CF-000830.**

**This error violated the Petitioner's 14th Amendment right to due process, and his 6th Amendment right to the effective assistance of counsel under the U.S. Constitution.**

(a) **Supporting facts** (Do not argue or cite law. Just state the facts that support your claim):

This ground was raised, in part, as Ground 1(a) of the Appellant's January 31, 2020 "Amended Motion for Postconviction Relief" (**R.85-R.95**). However, the claim in the January 31, 2020 amended 3.850 motion was limited to just the error involving the alleged victim's age as between 12 YOA and 16 YOA. Here, this claim is expanded to include the fact that had Defense Counsel performed adequate pre-plea investigation, this case would have been dismissed. Therefore, a part of this claim is unexhausted in the State courts. The procedural default is excused under the U.S. Supreme Court holding in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and is ripe for this Court's consideration in this Petition..

In Case No. 49-2015-CF-000830, the State filed a sole charge of second-degree felony Lewd and Lascivious Battery involving "J.T." The State alleged that J.T. was older than 12 but less than 16 years of age under F.S. §800.04(4)(a) (see **Exhibit E, R.188-R.189**). In his Amended 3.850 motion, Ramos stated that the alleged victim is the Petitioner's nephew and that Ramos personally knows that his date of birth is April 18, 1996 (**R.84**). Therefore, during the alleged offense dates of June 1, 2006 and July 31, 2007, the alleged victim was between the age of 10 and 11 years old (**R.84-R.85**). The Information charging Ramos with a crime against an alleged victim 12 years of age or older but less than 16 years of age is clearly erroneous and

cannot be proven (**R.84-R.85**). Ramos argued that when a defendant is convicted of crime that could not be proven as charged, fundamental error and a due process violation has occurred that can be raised at any (**R.83-R.84**).

Here, Ramos is expanding his claim to one of Defense Counsel's failure to investigate this false allegation. In the State's April 27, 2020 Response to Ramos's 3.850 motion, the State alleged that the sexual activity involved Ramos's 13 year-old nephew, J.T., during a week of family vacation in a rented home in Kissimmee or Davenport (**R.201**). The family returned to New York, and J.T. came forward with his claim after seeing a press release about the Petitioner's arrest (**R.201**). The Appellant personally knows his nephew's family, and he knows that prior to the July 9, 2015 plea hearing and sentence, the victim had subsequently recanted his claims of any inappropriate sexual activity with Ramos – because they never happened. The record is void of any investigative paperwork to validate these hearsay charges. Had Defense Counsel simply deposed the witness or arranged for a pre-plea phone interview with J.T., he would have learned that these charges were fabricated and recanted, and should have filed a motion to dismiss the charged offense. Instead, Defense Counsel coerced the Petitioner to simply accept the State's plea offer to the 15-year maximum statutory sentence to run concurrent with his other plea sentences. Defense Counsel simply conceded Ramos's guilt, expressed his desire to end his legal representation of the Petitioner, and urged the Petitioner to admit guilt to a non-existent crime. Defense Counsel's errors are particularly troubling in light of his previously argued errors involving the 40-year plea sentence in Ramos's other plea cases.

No Defense Counsel acting within the accepted range of effective assistance within the legal profession would have failed to file a motion to dismiss the sole count in this case prior to any plea deal. Counsel's error allowed the State to charge and convict the Petitioner with a non-

existent crime that had no evidence to support the charge. Had Counsel investigated this charge, the evidence would have resulted in this case being dismissed due to the alleged victim's recantation and admitted fabrication. But for Counsel's error, there is a reasonable probability that the result of his proceedings would have been different.

> **Ground Five: Raised on Motion for Postconviction Relief**
> **Defense Counsel was ineffective for failing to file a pre-trial motion to have the Petitioner evaluated for competency to proceed with his cases.**
>
> **This error violated the Petitioner's 14th Amendment right to due process, and his 6th Amendment right to effective assistance of counsel under the U.S. Constitution.**

This ground was raised as Ground 5 of the Appellant's original October 27, 2015 3.850 motion (**R.18-R.19**) and amended by court order as Ground 2 of the Appellant's January 31, 2020 "Amended Motion for Postconviction Relief" (**R.95-R.96**)[3]. In his Amended 3.850 motion, Ramos argued that he had an extensive history of mental illness dating back to 1996 that resulted in his receiving disability income from the Social Security Administration (**R.95**). Ramos explained his mental health history to Defense Counsel, and told APD Morrison that after his arrest, the Osceola County Jail had changed his medications, and "they were affecting him in a negative way" (**R.95**). In his Amended 3.850 motion, Ramos claimed that due to his mental health issues at the time, he did not understand the plea proceeding and had informed the Court at one point that "he did not quite understand what was going on" (**R.96**). Ramos claimed his mental illness and the effect of his changed medications rendered him mentally incompetent at the time of the plea, and that he was unable to assist Counsel in his defense (**R.96**).

---

[3] Hon. Tom Young's February 28, 2022 final denial order after the evidentiary hearing recognized this claim as one of ineffective assistance of counsel for not having Ramos evaluated for competency (**R.333**).

On December 9, 2021, postconviction Judge Hon. Tom Young held an evidentiary hearing that included this 3.850 ground (**R.424-R.563**). The Petitioner testified in his own defense of this claim (**R.526-R.548**). Ramos testified that in 1996, he was diagnosed with Bipolar disorder, depression, and anxiety (**R.528**). His medications included Valium, Xanax, and Klonopin that prevented panic attacks and helped him with his mental illness (**R.528**). Ramos testified that after he was arrested, the jail started giving him Klonopin but inexplicably changed the medication to "Seraquil and a whole bunch of other stuff I never even heard of" (**R.529**). The Petitioner testified that the new medications were not helping him and made his mental condition worse (**R.529**). Despite complaining to the jail mental health representatives about hallucinations, they refused to change the medications (**R.529-R.530**). Ramos testified that at the time of the plea, he was not thinking straight and that Counsel told him to answer the judge in a way that would allow the court to accept the plea (**R.533; R.542; R.543**).

On direct examination, Defense Counsel Morrison testified that he knew Ramos was on a number of psychological medications that included Seraquil (**R.508**). Morrison did not remember being informed of any claims by Ramos of audio or visual hallucinations and his notes only reflect that the Petitioner was on medications (**R.509**). Defense Counsel testified that in reviewing his case notes, there is no notation about Morrison's concerns about Ramos' mental competency (**R.516**). Morrison testified that if he had such a concern, he would have motioned for the Petitioner to be evaluated for mental competency (**R.516-R.517**). Morrison never felt that Ramos did not understand the charges or the corresponding penalties he was facing in these cases (**R.518**). Morrison testified that Ramos understood the different roles of the legal parties involved in this case (**R.519**). Morrison testified that Ramos was able to give accounts as to what happened and theories as to why he was being accused of these charges (**R.520**).

In his February 28, 2022 final order on this ground, Hon. Tom Young denied this claim finding Defense Counsel's testimony most credible and believable (**R.333**). The Judge summarized the Petitioner's claim as one of "buyer's remorse" after he arrived at prison to serve his plea sentences (**R.333**).

The fact that the Petitioner has a long history of mental health issues that require heavy doses of psychotropic medication to combat is not in dispute. The fact that the jail inexplicably changed the proven effective medication of Klonopin to "Seraquil and many others" is also uncontested. Here, the issue is whether constitutionally effective Defense Counsel had reasonable grounds to believe Ramos <u>may be</u> mentally incompetent but failed to follow the court-prescribed rules for determining the issue of Ramos' mental competency to proceed. The Petitioner claimed that the fact that the jail changed his medications made him subject to hallucinating during the pre-plea and plea period. Florida case law holds that when these facts are present, defense counsel is deemed to be ineffective for not requesting the court to have a defendant evaluated for competency to proceed. See *Jackson v. State*, 29 So.3d 1161, 1162 (Fla. 1st DCA 2010) ("[W]e hold that the appellant's claim that he was incompetent to enter a plea and that counsel was ineffective for failing to investigate the appellant's competency or request a competency determination is facially sufficient. Specifically, the appellant alleges that he was incompetent and did not understand the consequences of his plea, that he had a history of mental illness, had not taken his schizophrenia medication, was suffering from delusions and hearing voices at the time of the plea and that he informed counsel of his condition").

No Defense Counsel acting within the accepted range of effective assistance within the legal profession would have failed to file a motion to have Ramos evaluated for mental competency to proceed prior to the plea hearings. Counsel's error allowed the State to charge and

convict a defendant that could not assist counsel with his defense strategy or understand the nature and consequences of pleading out to these charges. But for Counsel's error, there is a reasonable probability that the result of his proceedings would have been different. The Petitioner would add that at the evidentiary hearing, he had testified that APD Morrison was not assigned to his case until March 2015 – just two months prior to the plea (**R.526-R.527**). It is not feasible to believe that APD Morrison had conducted in-depth and enough interviews with Ramos to make an informed decision on the Petitioner's mental competency to proceed. The truth is that counsel wanted to quickly resolve this case without doing any pre-plea investigation – as is evidenced by the Petitioner's prior claims in this petition.

(b)  If you did not exhaust your State remedies on Ground Five, explain why:    **Not applicable.**

(c)  **Direct Appeal of Ground Five:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐      **No ✔**
  (2) If you did not raise this issue in your direct appeal, explain why:
      **This ground involves a claim of ineffective assistance of trial counsel that cannot be raised on direct appeal.**

(d)  **Post-Conviction Proceedings:**
  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a State trial court?
      **Yes ✔**              No ☐
  (2) If your answer to Question (d)(1) is "Yes," state:
      Type of motion or petition: **Rule 3.850 Motion for Postconviction Relief**
      Name and location of the court where the motion or petition was filed:
      **9ᵗʰ Judicial Circuit Court in and for Osceola County, Florida**
      Case number:      **49-2014-CF-003417; 49-2014-CF-003928, and 49-2015-CF-000830**
      Date of the court's decision:      **February 28, 2022 (Final Denial Order)**
      Result:      **Denied after an evidentiary hearing.**
  (3) Did you receive a hearing on your motion or petition?
      **Yes ✔**          No ☐
  (4) Did you appeal from the denial of your motion or petition?
      **Yes ✔**          No ☐
  (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
      **Yes ✔**          No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed:
**5th District Court of Appeal, Daytona Beach, Florida**
Docket or case number:    ***Ramos-Nieves v. State*, 2022 Fla. App. LEXIS 9066**
Date of the court's decision:    **Mandate issued on February 23, 2023.**
Result:    **Per Curiam Affirmed.**
(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not
raise this issue:    **Not applicable.**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, etc.) that you have
used to exhaust your State remedies on Ground Five:    **None.**

> **Ground Six: Ineffective Assistance of Counsel . Filed pursuant to the
> exhaustion exception in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)).**
>
> **The cumulative effect of Defense Counsel's errors during the plea
> process rose to the level of ineffective assistance of counsel as defined
> under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80
> L.Ed.2d 674 (1984).**
>
> **This error violated the Petitioner's 14th Amendment right to due
> process and his 6th Amendment right to effective assistance of counsel
> under the U.S. Constitution.**

(a) **Supporting facts** (Do not argue or cite law. Just state the facts that support your claim):

The Florida Supreme Court has held that where multiple errors are discovered in legal

proceedings, a review of the cumulative effect of those errors is appropriate because even though

there was competent substantial evidence to support a verdict and even though each of the

alleged errors, standing alone, could be considered harmless, the cumulative effect of such errors

may be such as to deny the defendant the fair and impartial legal proceeding that is the

inalienable right of all litigants in Florida and the United States.  However, the Petitioner would

note that the U.S. Supreme Court has not directly addressed the applicability of the cumulative

error doctrine in the context of an ineffective assistance of counsel claim.

In this ground, Ramos is claiming that the cumulative effect of Defense Counsel's errors as noted in this Petition are such that they denied the Petitioner the fair and impartial plea proceeding that is the inalienable right of all litigants in Florida and the United States. The errors presented included:

1. Defense Counsel was ineffective for failing to file a pre-plea motion to dismiss Count 5 in Case No. 49-2014-CF-003417 due to the insufficiency of evidence to support the charged offense.

2. Defense Counsel was ineffective for failing to file a pre-plea motion to dismiss Count 2 in Case No. 49-2014-CF-003928 due to the insufficiency of evidence to support the charged offense.

3. Defense Counsel was ineffective for failing to correct the numerous errors contained within the State's scoresheet calculation used to induce the Petitioner into accepting the Plea Agreement.

4. Defense Counsel was ineffective for failing to investigate the case facts and file a pre-plea motion to dismiss the sole charged offense in Case No. 49-2015-CF-000830.

5. Defense Counsel was ineffective for failing to file a pre-trial motion to have the Petitioner evaluated for competency to proceed with his cases.

Ramos argues that the above errors, even if deemed harmless individually, the cumulative effect of such errors denied the Petitioner his constitutional rights to due process, to a fair and impartial plea proceeding and to the effective assistance of counsel under the U.S. Constitution.

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest State court having jurisdiction?     Yes ☐      No ✔

**Here Grounds 1, 2, 3, 4, and 6 in Ramos's Habeas Petition was not properly presented to State court but would have been by a reasonably effective attorney. It cannot now be presented to the State court because Florida does not permit a successive post-conviction motion to address**

overlooked claims. **These are strong constitutional claims that would have been the basis for relief in State court whereby trial counsel's assistance would have been deemed constitutionally deficient under the *Strickland v. Washington*, 104 S. Ct. 2052 (1984) standard. Therefore, under the *Martinez v. Ryan* exception, these grounds are eligible for review in this instant Petition.**

(b) Is there any ground in this petition that has not been presented in some State or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:    **See answer to Question 13(a) above.**

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?        Yes ☐    **No ✔**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either State or federal, for the judgment you are challenging        Yes ☐    **No ✔**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At arraignment:                        **Public Defender's Office
2 Courthouse Square, Suite 1600
Kissimmee, FL 34741-5073**

(b) During Pre-Trial:                      **APD Michael Morrison
Public Defender's Office
2 Courthouse Square, Suite 1600
Kissimmee, FL 34741-5073**

(c) At Plea Hearings:                      **APD Michael Morrison
Public Defender's Office
2 Courthouse Square, Suite 1600
Kissimmee, FL 34741-5073**

(d) At Plea Sentencings:                   **APD Michael Morrison
Public Defender's Office
2 Courthouse Square, Suite 1600
Kissimmee, FL 34741-5073**

(e)  On appeal:                                    **Not applicable – No appeal taken.**

(f)  On post-conviction motion:                    **Pro Se**

(g)  At postconviction evidentiary hearing:        **Atty. Matthew Brock Shields**
                                                   **Office of Regional Conflict Counsel**
                                                   **122 S. Rose Avenue**
                                                   **Kissimmee, FL 34741-5662**

(h)  On appeal from any ruling in a post-conviction proceeding:        **Pro Se**

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?                    Yes ☐    No ✔

   (a) If so, give name and location of court that imposed the other sentence you will serve
       in the future:                              **Not applicable.**
   (b) Give the date the other sentence was imposed:  **Not applicable.**
   (c) Give the length of the other sentence:      **Not applicable.**
   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or
       sentence to be served in the future?        Yes ☐    No ✔

18.  **TIMELINESS OF PETITION**: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. §2244(d) does not bar your petition.*

   On May 5, 2015, the Petitioner entered a negotiated plea of guilty, and was sentenced the same day. The Petitioner did not file an appeal, thereby making his sentences final thirty days later on June 4, 2015 for AEDPA purposes. See *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of 2244 on the date his 30-day right to appeal expired). See also *Hampton v. State*, 837 So.2d 611 (Fla. 5th DCA 2003) (holding that when defendant did not directly appeal his conviction, the judgment and sentence became final 30 days after they were rendered). The federal limitations period commenced the next day and ran for one-hundred-forty-six days (**146**

**days)** until the limitations period was tolled on October 27, 2015, when Ramos filed his Fla.R.Crim.P. Rule 3.850 Motion for Postconviction Relief. On February 28, 2022, Postconviction Judge Hon. Hon. Tom Young issued his order summarily denying the Rule 3.850 motion after an evidentiary hearing. On December 27, 2022, the 5th DCA per curiam affirmed the 3.850 appeal without written opinion (see *Ramos-Nieves v. State*, 2022 Fla. App. LEXIS 9066 (Fla. 5th DCA 2022)). On February 23, 2023, the mandate issued making the 3.850 appeal final. Therefore, by being date-stamped from Ramos's institution **on or before September 30, 2023**, this Petition is timely filed (219 days after the 3.850 mandate date). The Petitioner filed his instant timely Petition on July 14, 2023 **(146 days + 141 days = 287 days of untolled time expired)**.

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. §2244(d) provides in part that:

    (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Petitioner asks that the Court grant the following relief:

Based upon the facts set forth in the instant Habeas Petition, and the arguments of law presented and incorporated in support thereof, the Petitioner respectfully prays this Court to reverse his plea judgment and remand this case to the appropriate court for further proceedings. Alternatively, the Petitioner requests that this Court grant him an evidentiary hearing on these claims, and appoint the Petitioner counsel for any such hearing. The Petitioner further requests all relief that this Court deems necessary and just.

## OATH

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus and two copies were placed in the prison mailing system for delivery via First Class U.S. Mail to: Clerk of the Court, United States District Court, 401 W. Central Boulevard, Suite 1200, Orlando, FL 32801-0120 on the _12_ day of July 2023.

/s/ _Jorge L. Ramos_

Jorge L. Ramos, DC# X89375
Marion Correctional Institution
P.O. Box 158
Lowell, FL  32663-0158